## RUPLE v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14762. Decided May 4, 1936

Horwitz, Kiefer & Harmel, Cleveland, for plaintiff.

Alfred Clum, Director of Law, Cleveland, and Henry L. Brainard, Asst., Cleveland, for defendant.

## OPINION

By LIEGHLEY, PJ.

An application by plaintiff, Ferdinand W. Ruple, for allowance of his expenses in prosecuting an action against the city of Cleveland as a taxpayer is before us for consideration.

The action was brought by the plaintiff to restrain the unlawful use of the Underground Hall built with public funds in an amount in excess of One Million Dollars. It was predicated upon the claim that this Hall was thrown open to the general public for parking purposes and as a consequence in competition with private business. And, that this constituted a misuse of public property and an abuse of corporate power.

The Charter provisions are the same in substance as the sections of the General Code respecting the duties of the Solicitor.

Sec 4311 GC says that the Solicitor shall apply to a proper court to restrain misapplication of funds or the abuse of its corporate powers.

Sec 4314 GC grants a restricted right to a taxpayer to prosecute a like action. If the solicitor fails to institute an appropriate action for specific purposes upon demand so to do, the restriction is lifted and removed, and the taxpayer may do so. The Solicitor failed to file upon demand in this case.

Sec 4316 GC, which is in substance the same as §92 of the Cleveland Charter, reads as follows:

· "Sec 4316 GC. Duty of Court. If the court hearing such case is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or, if they are sufficient in law, it shall make such order as·the equity and justice of the case demand. In such case, the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

This case was instituted in the Common Pleas Court. It was tried there on its merits. Its judgment was reviewed by this court with full hearing thereof. The judgment of this court was reviewed by the Supreme Court of Ohio on motion to certify, admitted, and on the merits. The judgment of this court was modified, and as modified, affirmed. The net result of the litigation was that the taxpayer was sustained in his contention that the city abused its corporate power in opening the Hall to the general public for parking purposes.

The law is positive that he shall be allowed his costs if he prevail. He prevailed in this case, and so much is beyond dispute. The disagreement about his attorney fees as part of his expense remains.

Counsel for the taxpayer suggest that they earned and are rightfully entitled to a sum in excess of Twenty Thousand Dollars.

Counsel for the city concede their right to an allowance of counsel fees but insist that under the circumstances of this case the fees should be nominal. The taxpayer says the city operated the Hall at a substantial loss. The city claims that the result of the lawsuit was a positive detriment to the city.

This court says that neither the issue of profit or loss nor the issue of benefit or

detriment to the city exclusively controls the right to reasonable compensation. If a municipality refuses to correct its own abuses of corporate power upon notice and challenge in respect thereto, the taxpayer is expressly authorized by law to proceed to do that which the municipality ought to have done. The suit by a taxpayer is the check upon illegal corporate activities and abuse of corporate power advisedly provided by the legislature.

The law is silent on the subject of profit and loss and silent on the subject of benefit and detriment. The ultimate and paramount object of this legislation is surveillance of corporate activities and restraint thereof within legitimate boundaries.

In the administration of these provisions, neither exhorbitant fees nor nominal fees were contemplated. Reasonable compensation for services rendered the taxpayer in prosecuting his successful litigation should be the objective to be ascertained and such amount allowed.

It is not reasonable attorney fees contingent upon profit or loss nor upon benefit or detriment, although either one of these may sway the pendulum of amount dependent upon motive, amount involved, etc. The only contingency is the one fixed by the statute and that is that the taxpayer prevail in which event his expenses consisting of costs and fair and reasonable compensation for his attorney should be awarded.

The statute gives the absolute right to a taxpayer upon refusal of the solicitor to bring such an action. The right being expressly bestowed, he should and must have counsel. The right to fees being contingent upon success in the litigation reasonable compensation should follow a successful termination with the same certainty as in other cases. In our opinion the use of the same yardstick will not do violence to the legislative intent.

If a municipality refuses upon demand to correct its own abuses and is compelled by law to do so at the instance of a taxpayer proceeding in pursuance of the statutes, it should not complain about paying reasonable expenses legally incurred in bringing it back on its own reservation and restraining its activities within its own corporate powers.

What is reasonable compensation in a given case for services necessarily performed is a question about which lawyers greatly disagree. The human equation coupled with the individual experience of each doubtless are factors that influence the estimates.

It is our opinion that the taxpayer in this case should be allowed the sum of Six Thousand Dollars as fair and reasonable for expenses and attorney fees incurred in this litigation.

LEVINE, J, concurs.
TERRELL, J, not participating.